IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2025 Session

## IN RE ESTATE OF GREGORY B. JOHNSON

**Appeal from the Probate Court for Shelby County**
**No. PR023855      Kathleen N. Gomes, Judge**

_____

### No. W2024-00051-COA-R3-CV
_____

Appellants fail to identify an error of fact or law for our review, and their brief fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Therefore, the appeal is dismissed. Appellee's request for damages for a frivolous appeal is granted.

**Tenn. R. Civ. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

VALERIE L. SMITH, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Amelia Vaughn, Gemelia Johnson, and Gadashia B Johnson, Memphis, Tennessee, appellants, *pro se*.

Aubrey L. Brown, Jr., Memphis, Tennessee, for the appellee Estate of Gregory B. Johnson.

### MEMORANDUM OPINION[1]

### I. BACKGROUND

On August 26, 2022, Gregory B. Johnson died intestate at 56 years of age. On

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by **memorandum opinion** when a formal opinion would have no precedential value. When a case is decided by **memorandum opinion** it shall be designated "**MEMORANDUM OPINION**", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

September 27, 2022, Mr. Johnson's daughter Gadashia B. Johnson filed a petition to open an estate and to be appointed administratrix. In her petition, Gadashia asserted that Mr. Johnson's heirs included three adult children—herself, Gregory Johnson, and Gemelia Johnson—and his wife, Kathi Rucker Johnson.[2] She also asserted that the fair market value of Mr. Johnson's estate was "believed to be under $3,000" and that an estate was necessary because "[h]is widow ha[d] filed confusing and contradictory affidavits of heirship with the Shelby County Register."

On October 11, 2022, Mrs. Johnson filed a counter-petition and asserted that Mr. Johnson's estate included, "among other things," cash deposits in the amount of $147,000. Mrs. Johnson prayed to be appointed administratrix or, in the alternative, co-administrator with her attorney, Aubrey L. Brown, Jr. She also prayed for a bond to be set at $147,000 or as determined to be fair by the court.

Following hearings on November 7 and December 7, 2022, the trial court valued Mr. Johnson's estate, including personal and business assets, at approximately $147,000. The court determined that, under Tennessee Code Annotated 30-1-106, Mrs. Johnson had priority to be granted administration of Mr. Johnson's estate. The court also determined that neither Mrs. Johnson nor Gadashia was able to qualify for the required bond. Therefore, by order entered on December 8, 2022, the trial court appointed Mr. Brown to serve as administrator of Mr. Johnson's estate ("the Estate") and set bond at $150,000.

On December 13, "Gregory Johnson['s] children" filed a *pro se* "motion to dismiss" the trial court's order. In the motion, Gadashia asserted that her legal counsel no longer represented her and, in essence, asked the court to delay issuing letters of administration. On December 14, letters of administration were issued to Mr. Brown. On December 15, Gadashia's legal counsel filed a motion to withdraw on the basis that he had been dismissed, and the trial court granted his motion the same day. On March 9, 2023, the trial court entered an order directing the Bank of America to release funds held in Mr. Johnson's accounts to Mr. Brown.

On March 17, Amelia Vaughn, Mr. Johnson's former wife, filed several claims against the Estate. Ms. Vaughn asserted a claim of $4,847.47 for unpaid child support; a claim of $12,000 in unpaid alimony; and a claim of $83,000 for unpaid wages. She also asserted "real estate" claims in an unspecified amount. Mr. Brown filed exceptions to the claims. Following a hearing on August 8, 2023, the trial court found that notice of the hearing was served on Ms. Vaughn on July 14 and that Ms. Vaughn failed to appear. The trial court accordingly dismissed her claims for failure to prosecute.

On April 5, 2023, Mrs. Johnson field a petition for specific, exempt property and

---

[2] Because they share the same surname, we refer to Gadashia Johnson, Gemelia Johnson, and Gregory Johnson by their first names for clarity.

- 2 -

the statutory homestead allowance. She also filed a petition for a year's support. On April 12, Mr. Brown filed an inventory report identifying $129,771.37 in cash assets. On April 27, Mr. Brown answered Mrs. Johnson's petition for specific property and homestead allowance and denied her claims. He also answered Mrs. Johnson's petition for a year's support and acknowledged her claim to a one-third interest in the Estate as Mr. Johnson's surviving spouse.

Following a hearing on June 20, 2023, by order entered on June 27, the trial court granted Mrs. Johnson's petition for a year's support and awarded her $15,000.00 in addition to her statutory share of the assets of the Estate. The court also granted Mrs. Johnson's petition for specific property and awarded her all of Mr. Johnson's personal items located in their Memphis residence. The court found that Mr. and Mrs. Johnson owned their home in Memphis by tenants in the entirety and that Mrs. Johnson was the sole owner of the real property following Mr. Johnson's death. Accordingly, the court ruled that Mrs. Johnson should not receive a monetary award for her homestead allowance.

On October 12, 2023, Mr. Brown filed a petition to approve payment of funeral and burial expenses and administrative expenses and fees. He also prayed for instructions relating to potential claims and distribution of the Estate. In his petition, Mr. Brown stated that the Estate consisted of funds totaling $114,729.35 and that all of Mr. Johnson's debts had been paid. He further asserted that Mrs. Johnson had submitted an invoice and receipts for funeral and burial expenses in the amount of $10,600.00 and asserted attorney's fees and expenses of $33,186.70. Mr. Brown also asserted that Gemelia had access to Mr. Johnson's accounts after his death and that he had issued subpoenas to her to attempt to discover where and for whose benefit funds totaling $11,811.00 had been spent. He further asserted that a subpoena for Gemelia's deposition had been returned unserved with the notation that she could not be found and contended that she appeared to be avoiding service.

The trial court heard Mr. Brown's petition on November 15, 2023. Gregory was incarcerated and accordingly did not appear; Gemelia also did not appear. The matter came to be heard on statements of counsel and Mrs. Johnson and on the testimony of Gadashia. By order entered on November 17, the trial court found that $114,729.35 remained in the Estate. The court determined that, under the laws of intestate succession, Mrs. Johnson was entitled to one-third of the Estate and the remaining two-thirds was to be divided equally between Gadashia, Gemelia, and Gregory Johnson. The trial court found that Gemelia had access to Mr. Johnson's account after his death and made expenditures totaling $11,811.00. The court ruled that this amount should be charged against Estate amounts distributable to her but afforded Gemelia 15 days to offer evidence demonstrating that the expenditures were not made for her benefit. The trial court authorized Mr. Brown to reimburse Mrs. Johnson for funeral and burial expenses of $10,600.00 from the Estate and awarded Mr. Brown reasonable attorney's fees and expenses of $25,000.00. By order entered on December 5, the court found that its November 17 order was duly served on Gemelia and that she had not filed a response. Accordingly, the trial court confirmed its

November 17 order.

Ms. Vaughn, Gadashia Johnson, and Gemelia Johnson (together, "Appellants") filed a notice of appeal on January 5, 2024. On January 8, 2025, Mr. Brown filed a motion to dismiss the appeal and suspend further briefing due to Appellants' failure to comply with Rules 20, 22, 27 and 29 of the Tennessee Rules of Appellate Procedure and Rules 6 and 9 of the Rules of the Court of Appeals. By order entered on January 14, 2025, this Court denied Mr. Brown's motion to suspend briefing, granted him 30 days to file his brief, and deferred his motion to dismiss the appeal to this panel.[3]

## II. DISCUSSION

We begin our discussion by noting that Appellants are appearing *pro se*. As this Court has repeatedly observed:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.,* 971 S.W.2d 393, 396 (Tenn. Ct .App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt,* 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley,* 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003). Additionally, although we may use less stringent standards when reviewing the briefs drafted by *pro se* litigants, the litigants must nevertheless substantively comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals. *Id*.; *Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000).

Rule 24 of the Rules of Appellate Procedure requires the appellant to prepare a record that includes a transcript or statement of the evidence of the proceedings in the trial court. The record transmitted in this case contains neither.

Additionally, Tennessee Rule of Appellate Procedure 27(a) sets forth the

---

[3] Mrs. Johnson did not file an appellate brief.

requirements of the appellant's brief. The rule provides:

> **(a) Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
>
> (8) A short conclusion, stating the precise relief sought.

Appellate "[r]eview generally will extend only to those issues presented for review[]" in the appellant's Statement of the Issues. *Little v. City of Chattanooga*, 650 S.W.3d 326, 339 (Tenn. Ct. App. 2022) (quoting Tenn. R. App. P. 13(b)). Additionally, appellants must make a written argument with citations to the record and to authorities for each issue raised for review. *Id.* "Under Tennessee Court of Appeals Rule 6(b), '[n]o complaint of or reliance upon action by the trial court will be considered on appeal unless

the argument contains a specific reference to the page or pages of the record where such action is recorded,' and '[n]o assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.'" *Id.* at 340 (quoting Tenn. Ct. App. R. 6(b)). This Court has held that "the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). "This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Id*. at 56 (citations omitted).

Appellants' "brief" to this Court is wholly deficient. It consists of one paragraph—contained in slightly more than one page. Appellants present no issues for our review; they assert no error of law or fact. In sum, Appellants contend that the trial judge was biased against them and that the trial judge, their former attorney, and Mr. Brown acted deceitfully and unfairly. Their filing contains several attachments which purport to indicate misconduct by their attorney. However, these attachments are not part of the record and, therefore, may not be considered on appeal. *See Brown v. Fitchorn*, No. E2024-00477-COA-R3-CV 2024, WL 5055153, at * 4 (Tenn. Ct. App. Dec. 10, 2024) (citations omitted). Appellants seek relief in the form of an "immediate injunction on all orders" entered by the trial court. They cite to no evidence in the record to support their contention of bias or misconduct. Indeed, Appellants fail to include a single citation to the record, nor do they cite any authority to support their contention that this Court should "disallow all orders" of the trial court. Because of the many deficiencies in Appellants' brief, Appellants have waived any issue they may have raised on appeal.

We turn next to the Estate's request for damages for a frivolous appeal. Under Tennessee Code Annotated section 27-1-122, appellate courts may award damages against a party whose appeal is frivolous or brought only for the purpose of delay. A frivolous appeal is one that is devoid of merit or one that has no reasonable chance of succeeding. *Young*, 130 S.W.3d at 67 (citations omitted). "Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding." *Id*. Similarly, an appeal has no reasonable chance of success when the appellant's brief is so inadequate so as to require dismissal on appeal. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010). The decision to award damages for a frivolous appeal is within the discretion of this Court. *Id*. Although "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals[,]" we nevertheless exercise our discretion "sparingly so as not to discourage legitimate appeals." *Id.* (citations omitted).

We agree with Mr. Brown that this appeal had no reasonable chance of success. As noted above, in their one-paragraph brief, Appellants argue that the trial court's orders should be set aside based on misconduct on the part of the trial judge, Mr. Brown, and their

own (discharged) attorney.  As also noted above, Appellants failed to provide a statement of the evidence and their brief was wholly deficient.  Further, as the Estate asserts in its brief, Appellants' brief disparages the trial judge and references no error of fact or law on the part of the trial court.  Moreover, upon review of the record, we find nothing to support Appellants' assertions of bias or misconduct.  Accordingly, we find the Estate is entitled to reasonable fees and costs on appeal.

## III. CONCLUSION

For the foregoing reasons, we dismiss this appeal and remand the case to the trial court to determine the amount of damages to be awarded to the Estate.  Remaining issues raised by the Estate are pretermitted as unnecessary.  Costs of this appeal are assessed to Appellants, Amelia Vaughn, Gemelia Johnson, and Gadashia B. Johnson, for which execution for costs may issue if necessary.

/s/ *Valerie L. Smith*
_____
VALERIE L. SMITH, JUDGE